IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) |
| | ) |
| $9,265.00 U.S. CURRENCY SEIZED ON FEBRUARY 25, 2019, BY HOMELAND SECURITY INVESTIGATIONS, | ) ) ) |
| | ) |
| Defendant. | ) **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and James L. Morford, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district. This Court will have control over the defendant

currency through service of an arrest warrant *in rem*, which U.S. Customs and Border Protection will execute upon the defendant currency. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. On February 25, 2019, the defendant $9,265.00 U.S. Currency was seized from Dijonn Green at the Cleveland Hopkins International Airport. The seizure was made pursuant to a Department of Homeland Security - Homeland Security Investigations (HSI) / Cleveland Police Department (CPD) investigation. The defendant currency is now in the custody of the federal government.

5. Subsequent to the seizure, U.S. Customs and Border Protection (CBP) commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted by Dijonn Green in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. The defendant $9,265.00 U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

## DIJONN GREEN'S CRIMINAL HISTORY

7. On June 14, 2012, Dijonn Green entered a guilty plea to felonious assault (felony 2) in Case No. 11-CR-1231 A, Mahoning County Court of Common Pleas. Defendant Green was sentenced to three (3) years of community control.

8. On May 29, 2014, Dijonn Green entered a plea of no contest to possession of drugs (minor misdemeanor) in Case No. 2013 CR B 874, Boardman Municipal Court. The court found defendant Green guilty.

9. On or about October 3, 2016, Dijonn Green entered a guilty plea to drug abuse (misdemeanor) in Case No. 2016 CR B 719, Austintown Municipal Court.

10. On April 16, 2019, Dijonn Green entered a guilty plea to carrying concealed weapons (felony 4) in Case No. 18-CR-1035, Mahoning County Court of Common Pleas. Defendant Green was sentenced to one (1) year of community control.

## FORFEITURE

11. On February 25, 2019, Dijonn Green [and a traveling companion] arrived at the Cleveland Hopkins International Airport for a Frontier Airlines flight to Colorado Springs, Colorado, via Orlando, Florida. At approximately 4:45 p.m., Green presented his carry-on bag to the Transportation Security Administration (TSA) at Gate C for administrative screening.

12. During the TSA administrative screening, the carry-on bag belonging to Green alerted for the presence of an unidentified bulk mass. TSA protocol required the TSA officers to examine the bag to identify the nature of the bulk mass. During the administrative examination, TSA officers discovered bundles of U.S. currency – later determined to be the defendant $9,265.00 U.S. Currency - inside the bag.

13. Following the discovery of the bulk U.S. currency, TSA officers notified a CPD officer present at the airport. CPD officers observed the bulk U.S. currency and, at approximately 4:55 p.m., notified HSI special agents.

14. An HSI Cleveland Special Agent, an HSI Task Force Officer, and a CPD Sergeant associated with HSI located Green at the security checkpoint and spoke with him. They

advised Green that he was not under arrest and was free to leave at any time. Green – along with the traveling companion - voluntarily agreed to accompany the agents to the HSI office to answer questions regarding the discovered currency.

15. At the HSI office, the agents opened Green's carry-on bag and immediately smelled the "overt odor of marijuana". Inside the bag, the agents recovered a blanket and four (4) bundles of U.S. currency. Each of the currency bundles was wrapped with a paper band and the blanket had residual amounts of marijuana on it.

16. The agents asked Green about the source and the amount of currency in his possession. Regarding the source, Green initially stated that the currency was given to him by his brother. However, when asked for contact information, Green then stated that his boss was the person who gave him the currency.

17. Green identified "his boss" by both name and telephone number. At approximately 5:30 p.m., the HSI Special Agent attempted to contact this person at the number provided. There was no answer. The HSI Special Agent then left a voicemail message, "identifying himself as an agent with Homeland Security seeking to ask him questions regarding the currency carried by Green." The person did not respond to the voicemail message.

18. Regarding the amount of currency in his possession, Green initially said he was carrying $8,000.00, but later stated he was carrying $7,000.00.

19. When asked why he was traveling to Colorado, Green said he was going to purchase real estate. However, he could not provide any details about a prospective deal or otherwise substantiate his claim.

20. Colorado is known to law enforcement as a source state for marijuana.

21. Green was asked if he filed income taxes. He failed to directly answer the question and "gave the impression that he intended to file them this current year."

22. Meanwhile, the Special Agent contacted HSI dispatch and requested that a criminal history check be conducted on both Green and the traveling companion. Both individuals had criminal histories. Additionally, it was determined that Green had an outstanding warrant for his arrest in Cleveland, Ohio, for a (traffic) violation.

23. A narcotics detection dog (Finnegan) positively alerted to the U.S. currency found in Green's carry-on bag. According to the dog's handler, this positive alert means that Finnegan detected the odor of an illegal drug emanating from the currency. Finnegan is trained and certified through the state of Ohio in the detection of narcotic odors.

24. Based upon the foregoing, HSI seized the $9,265.00 U.S. Currency found in Green's carry-on bag as illegal narcotics proceeds. Because Green had an open arrest warrant, he was arrested and was transferred to CPD custody.

25. While preparing Green to be transferred to CPD, a search incident to his arrest was conducted. This search resulted in the recovery of small rubber bands, which agents recognized as items commonly used to bundle narcotics proceeds.

26. Additionally, Green possessed two (2) cellular telephones. Agents requested that Green provide consent for a search of the telephones. Green refused to provide consent and the telephones were retained as evidence.

27. The breakdown of the defendant $9,265.00 U.S. Currency was as follows: 463 ($20) bills, and 1 ($5) bill.

28. $20 bills frequently are used to conduct illegal drug transactions.

29. On February 27, 2019, state search warrants were issued for Green's cellular telephones. From one of the telephones, HSI recovered direct evidence that Green is extensively involved in the illegal trafficking of narcotics.

30. Over 100 photographs were recovered from the cellular telephone. Among other things, these photographs show substantial quantities of marijuana/marijuana related products and Green in possession of firearms and large amounts of U.S. currency. The photographs set forth below were taken from Green's telephone and show: (i) approximately 20 vacuum sealed bags containing pound quantities of marijuana; and, (ii) Green in possession of large amounts of U.S. currency. Each of the bills depicted in the photograph appear to be either $100.00 bills or $50.00 bills.




31. The "street value" of a pound of marijuana is approximately $1,600.00 to $1,800.00.

32. Photographs of Western Union, *et al.*, receipts also were recovered from Green's cellular telephone. The photographs show (wire) money transfers from the Youngstown, Ohio,

6

area to various destinations in California. California is known to law enforcement as a source state for marijuana.

33. Several videos were recovered from Green's cellular telephone. Again, the videos show Green engaged in activities related to the illegal trafficking of narcotics.

34. Text message exchanges related to the illegal trafficking of narcotics were recovered from Green's cellular telephone. Examples of such exchanges include the following:

    a.) September 17, 2018 - **Person texting with Green**:

    Dam I jus had to grab sum [marijuana] from around here jus bought like 5 [pounds] of em, ain't have no weed n like a week was waiting for u had to go to Champ [an alternative source of supply.]

    **Dijonn Green**:

    They 16-19 right now [$1,600.00 to $1,900.00 per pound.]

    b.) September 17, 2018 - **Person texting with Green**:

    If any of yo ppl [your people] got some [money] and a give it to you. .we catch a flight [to California] flip be right back you make a couple bands [a couple thousand dollars] and see what I'm tryna show you

    . . .

    **Dijonn Green**:

    I got like 6 bands [$6,000.00] rn [right now] included the one u owe me

    He said it's a go

    c.) October 24, 2018 - **Person texting with Green**:

    Bet u got another platinum [a particular strand of marijuana]? I can switch for OG [another particular strand of marijuana] got 4 OGs, Platinum too Fire ["fire" is not a particular strand of marijuana but, rather, refers to marijuana that is high quality/potent] lol

    If not all good

    . . .

**Dijonn Green**:

This stuff y'all sent back was short

Almost 2 zips [two ounces]

35.     Finally, a document appearing to be a "drug ledger" or "owe sheet" was recovered from Green's cellular telephone.

## CONCLUSION

36.     By reason of the foregoing, the defendant $9,265.00 U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

Justin E. Herdman
U.S. Attorney, Northern District of Ohio

By: _____
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio  44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov

## VERIFICATION

STATE OF OHIO )
                           ) SS.
COUNTY OF CUYAHOGA )

I, James L. Morford, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

                                                      James L. Morford (Ohio: 0005657)
                                                      Assistant United States Attorney, N.D. Ohio

Sworn to and subscribed in my presence this 19th day of June, 2019.

Anna J. Dudas
Notary Public

Anna J. Dudas
Notary Public, State of Ohio
My Commission Expires 12/5/2021

9

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$9,265.00 U.S. Currency seized on February 25, 2019, by Homeland Security Investigations

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cuyahoga County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James L. Morford, Assistant U.S. Attorney - 400 U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113 - 216.622.3743

Attorneys *(If Known)*
Jennifer J. Scott, Esq., JY Scott Law, LLC, 21245 Lorain Road, Suite 200, Cleveland, Ohio 44126 - telephone: 216.712.7672

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
civil forfeiture action under 21 U.S.C. Section 881(a)(6).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 06/24/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.** Civil Categories: (Please check **one category only**).

1. ☑ General Civil
2. ☐ Administrative Review/Social Security
3. ☐ Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.** **RELATED OR REFILED CASES**. See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action is ☐ **RELATED** to another **PENDING** civil case. This action is ☐ **REFILED** pursuant to **LR 3.1**.

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.** In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant**. If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:**
Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2) **Non-Resident defendant**. If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
**COUNTY:** Cuyahoga County

(3) **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
**COUNTY:**

**IV.** The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

**EASTERN DIVISION**

☐ AKRON (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
☑ CLEVELAND (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
☐ YOUNGSTOWN (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

☐ TOLEDO (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $9,265.00 U.S. CURRENCY SEIZED ON FEBRUARY 25, 2019, BY HOMELAND SECURITY INVESTIGATIONS, | ) ) ) | |
| | ) | |
| Defendant. | ) | **PRAECIPE** |

The United States of America respectfully requests that the Clerk of this Court issue the attached Warrant of Arrest *in Rem* to U.S. Customs and Border Protection (CBP) pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Respectfully submitted,

Justin E. Herdman
U.S. Attorney, Northern District of Ohio

By: _____
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov

# United States District Court

NORTHERN DISTRICT OF OHIO

WARRANT OF
ARREST *IN REM*

TO: U.S. CUSTOMS AND BORDER PROTECTION AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, on __June 24, 2019__ a __Complaint in Forfeiture__ was filed in this Court by Justin E. Herdman, United States Attorney for this District, on behalf of the United States, against:

> $9,265.00 U.S. Currency seized from Dijonn Green on February 25, 2019, by Homeland Security Investigations
>
> (Asset ID No.: 19-CBP-000210)

and WHEREAS, the defendant currency is currently in the possession, custody, or control of the United States; and,

WHEREAS, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions directs the Clerk of the Court to issue a Warrant of Arrest *In Rem* for the arrest of the defendant currency; and,

WHEREAS, Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that the Warrant of Arrest *In Rem* must be delivered to a person or organization authorized to execute it;

YOU ARE COMMANDED to arrest the defendant currency by serving a copy of this warrant on the custodian in whose possession, custody, or control the currency is presently found, and to use whatever means may be appropriate to protect and maintain its custody until further order of this Court.

YOU ARE FURTHER COMMANDED to file the same in this Court with your return thereon.

| WITNESS THE HONORABLE | UNITED STATES DISTRICT JUDGE AT |
|---|---|
| DATE<br>June 24, 2019 | |
| CLERK<br><br>(BY) DEPUTY CLERK | |

| Returnable __60__ days after issue. |
|---|
| U.S. Customs and Border Protection |

| DISTRICT | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| PRINTED NAME | SIGNATURE | |



# Department of the Treasury
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>United States of America | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>$9,265.00 U.S. Currency seized on February 25, 2019, by HSI | TYPE OF PROCESS<br>Warrant of Arrest in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE
$9,265.00 U.S. Currency seized on February 25, 2019, by HSI (Asset ID No. 19-CBP-000210)

ADDRESS (Street or RFD, Apartment No., City, State and Zip Code)

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| James L. Morford, Assistant U.S. Attorney<br>Office of the United States Attorney, Northern District of Ohio<br>Carl B. Stokes U.S. Court House, 801 West Superior Ave., Suite 400<br>Cleveland, Ohio 44113 - office: 216.622.3743 | NUMBER OF PROCESS TO BE SERVED IN THIS CASE | 1 |
| | NUMBER OF PARTIES TO BE SERVED IN THIS CASE | 1 |
| | CHECK BOX IF SERVICE IS ON USA | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Includes Business and Alternate Addresses, Telephone Numbers, and Estimated Times Available For Service)

$9,265.00 U.S. Currency seized from Dijonn Green on February 25, 2019, by Homeland Security Investigations (Asset ID No. 19-CBP-000210)

| Signature of Attorney or other Originator requesting service on behalf of ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NO.<br>216.622.3743 | DATE<br>06/24/2019 |
|---|---|---|

SIGNATURE AND DATE OF PERSON ACCEPTING PROCESS

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the total number Of process indicated | District of Origin No.____ | District to Serve No.____ | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER. | DATE |
|---|---|---|---|---|

I HEREBY CERTIFY AND RETURN THAT I ☐ PERSONALLY SERVED, ☐ HAVE LEGAL EVIDENCE OF SERVICE, ☐ HAVE EXECUTED AS SHOWN IN "REMARKS", THE PROCESS DESCRIBED ON THE INDIVIDUAL, COMPANY, CORPORATION, ETC., AT THE ADDRESS SHOWN ABOVE OR ON THE ADDRESS INSERTED BELOW

☐ I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC NAMED ABOVE.

| NAME & TITLE OF INDIVIDUAL SERVED IF NOT SHOWN ABOVE: | ☐ A person of suitable age and discretion then residing In the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above) | DATE OF SERVICE | TIME OF SERVICE | ☐ AM ☐ PM |
| | SIGNATURE, TITLE AND TREASURY AGENCY | | |

REMARKS:

TD F 90-22.48 (6/96)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $9,265.00 U.S. CURRENCY SEIZED ON FEBRUARY 25, 2019, BY HOMELAND SECURITY INVESTIGATIONS, | ) ) ) | |
| | ) | |
| Defendant. | ) | NOTICE OF FORFEITURE |

To: Dijonn Green
c/o Jennifer J. Scott, Esq. - Attorney for Dijonn Green
JY Scott Law, LLC
21245 Lorain Road, Suite 200
Cleveland, Ohio 44126

The above-captioned forfeiture action was filed in U.S. District Court on June 24, 2019. A copy of the Complaint in Forfeiture is attached. If you (Dijonn Green) claim an interest in the defendant currency, the following applies.

Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, you are required to file with the Court, and serve upon James L. Morford, plaintiff's attorney, whose address is United States Attorney's Office, 400 United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, a verified claim to the defendant currency within 35 days after your receipt of the complaint. The claim shall contain the information required by Rule G(5) of the said Supplemental Rules. Additionally, you must

file and serve an answer to the complaint, or a motion under Rule 12 of the Federal Rules of Civil Procedure, within 20 days after the filing of the claim, exclusive of the date of filing. If you fail to do so, judgment will be taken for the relief demanded in the complaint.

        Respectfully,

        Justin E. Herdman
        U.S. Attorney, Northern District of Ohio

By: _____
        James L. Morford (Ohio: 0005657)
        Assistant United States Attorney, N.D. Ohio
        Carl B. Stokes U.S. Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113
        216.622.3743 / Fax: 216.522.7499
        James.Morford@usdoj.gov

Date: June 24, 2019